IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| LEARTIS BROWN, | ) | Civil No. 22-00334 LEK-KJM |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO GRANT |
| vs. | ) | PETITION FOR 406(b) FEES |
| | ) | |
| LELAND DUDEK, Acting Commissioner of Social Security Administration, | ) ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION
TO GRANT PETITION FOR 406(b) FEES

On February 18, 2025, counsel for Plaintiff Leartis Brown ("Plaintiff") filed a Petition for 406(b) Fees ("Petition"). ECF No. 23. On February 19, 2025, Defendant Leland Dudek, Acting Commissioner of the Social Security Administration ("Defendant"), filed a Response to the Petition. ECF No. 24. Therein, Defendant states that he "neither supports nor opposes" the Petition. *Id.* at 2. On February 20, 2025, pursuant to the Court's request, Plaintiff's counsel filed a Supplemental Declaration in support of the Petition. ECF No. 26.

The Court elects to decide this matter without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii. After carefully reviewing the filings and the record in this case,

the Court FINDS AND RECOMMENDS that the district court GRANT the Petition.

## BACKGROUND

This matter concerns Plaintiff's appeal of the Social Security Administration ("SSA") Commissioner's denial of Social Security disability insurance benefits to Plaintiff.  On July 27, 2022, Plaintiff filed a Complaint for Review of Social Security Disability Benefits Determinations ("Complaint").  ECF No. 1.  On October 17, 2022, Defendant filed an Answer to the Complaint.  ECF No. 12.  On January 13, 2023, Plaintiff filed an opening brief.  ECF No. 18.  On March 13, 2023, the parties stipulated—with the approval of the district court—to voluntarily remand this action to the SSA Commissioner for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g).  ECF No. 19.  In addition, the parties requested that the Clerk of Court enter judgment in favor of Plaintiff and against Defendant, reversing the final decision of the Commissioner.  *Id.*  That same day, the Clerk of Court entered judgment in accordance with the parties' request.  ECF No. 20.

On May 31, 2023, the parties stipulated—with the approval of the district court—for Plaintiff, through his counsel, to receive an award of attorneys' fees for $7,300.00 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  ECF No. 22.

On March 13, 2024, a second administrative hearing was held. ECF No. 23 at 3. Plaintiff subsequently received a favorable decision granting his application for Social Security disability insurance benefits in full. *Id.*

Pursuant to the terms of his retainer agreement with counsel, Plaintiff agreed to pay counsel a fee equal to 25% of his past-due benefits if his Social Security appeal was successful. ECF No. 23-3. In February 2025, Plaintiff's counsel received a Notice of Award for Plaintiff from the SSA. ECF No. 23-4. The Notice of Award indicates that the SSA has withheld 25% of Plaintiff's past-due benefits, $41,354.50, for purposes of paying attorneys' fees. *Id.* at 3.

On February 18, 2025, Plaintiff's counsel filed the instant Petition. ECF No. 23. Based on the Notice of Award, Plaintiff's counsel requests an award of attorneys' fees in the amount of $41,354.50 pursuant to 42 U.S.C. § 406(b). *Id.* at 1. Plaintiff's counsel states that she "will reimburse [Plaintiff] the entire $7,300.00 EAJA award upon receipt of the 406B [sic] fees." ECF No. 26 at 3 ¶ 14.

## DISCUSSION

Pursuant to § 406(b), the court may award reasonable attorneys' fees to a successful claimant's counsel up to 25% of the claimant's past-due benefits. *See* 42 U.S.C. § 406(b)(1)(A). This limit applies to the total of EAJA and § 406(b) fees combined. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (holding that a district court may award fees under both the EAJA and § 406(b), "but the

3

claimant's attorney must refund to the claimant the amount of the smaller fee" (alterations and citations omitted)).

The attorneys' fees awarded under § 406(b) are paid by the claimant out of the past-due benefits awarded, and the claimant's attorney bears the burden of demonstrating that the requested fees are reasonable. *Id.* at 807. If counsel represents a claimant pursuant to a contingency fee agreement, that agreement is the starting point for the Court's reasonableness assessment. *See id.* at 808; *see also Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009) (en banc). If the fee requested is consistent with the fee arrangement and is within the statutory maximum, the Court then conducts an "independent check" to determine whether the requested fee is reasonable "based on the character of the representation and the results the representative achieved." *See Gisbrecht*, 535 U.S. at 807–08 (citations omitted).

> A fee resulting from a contingent-fee agreement is unreasonable, and thus subject to reduction by the court, if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the "benefits are large in comparison to the amount of time counsel spent on the case" . . . [such that] the requested fee would result in a windfall.

*Crawford*, 586 F.3d at 1148, 1151 (quoting and citing *Gisbrecht*, 535 U.S. at 806, 808).

4

The Court has carefully reviewed the Petition, including the declarations and exhibits submitted in support of the Petition, and finds that Plaintiff's counsel met her burden in demonstrating that the requested fees are reasonable. Pursuant to the fee agreement, Plaintiff agreed to pay counsel 25% of his past-due benefits if counsel successfully represented him on appeal and owed no fees if the appeal was unsuccessful. *See* ECF No. 23-3. Counsel's request for $41,354.50, less the $7,300 EAJA award to be returned to Plaintiff, represents the statutory maximum 25% of the past-due benefits awarded to Plaintiff.

Plaintiff's counsel provided quality representation and obtained a successful result in this court, which resulted in Plaintiff receiving significant past-due benefits. *See* ECF No. 23 at 7. In addition, Plaintiff is now entitled to "retro-active hospital insurance under Medicare, the value of which is not accounted for in the retro-active award." *Id.* The Court thus finds no reason to reduce fees for substandard performance. In addition, there is no evidence that counsel caused any delay to suggest that the Court should reduce the fees award for dilatory conduct.

Moreover, the Court finds that reduction is not necessary to prevent counsel from receiving a windfall. In her supplemental declaration in support of the Petition, counsel indicates that she spent 34.8 hours litigating this case in federal court. *See* ECF No. 26 at 3 ¶ 10 (citing ECF No. 26-1). Dividing the fees requested ($41,354.50) by the hours spent (34.8) results in an hourly rate of

5

$1,188.35.  Courts in this circuit have regularly awarded fees with hourly rates exceeding $1,000 in similar cases.  *See Kelly Kay M. v. O'Malley*, Case No.: 22-cv-01969-DDL, 2024 WL 4536462, at *3 (S.D. Cal. Oct. 21, 2024) (granting counsel's petition for attorneys' fees pursuant to § 406(b), where the fees requested divided hours spent yielded an "effective hourly rate of $1,923.07"); *Brazile v. Comm'r of Soc. Sec.*, CASE NO. C18-5914JLR, 2022 WL 503779, at *3 (W.D. Wash. Feb. 18, 2022) (collecting cases); *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) (stating that "basing a reasonableness determination on a simple hourly rate basis is inappropriate when an attorney is working pursuant to a reasonable contingency contract for which there runs a substantial risk of loss").  The Court thus finds that no downward adjustment in the requested attorneys' fees is necessary in this case.

## CONCLUSION

Based on the foregoing, the Court finds that Plaintiff's counsel's request for attorneys' fees is reasonable.  The Court thus FINDS AND RECOMMENDS that the district court GRANT the Petition and award Plaintiff's counsel $41,354.50 in attorneys' fees in accordance with 42 U.S.C. § 406(b).  The Court also RECOMMENDS that the district court DIRECT Plaintiff's counsel to reimburse Plaintiff for the $7,300.00 in fees previously awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), upon receipt of the § 406(b) fees.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, February 26, 2025.



Kenneth J. Mansfield
United States Magistrate Judge

*Brown v. Dudek*, Civil No. 22-00334 LEK-KJM; Findings and Recommendation to Grant Petition for 406(b) Fees